UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF NEW YORK MELLON, | Case No. 2:16-CV-416 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| CASTLE BAY SHORE VILLAGE OF LOS PRADOS HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is defendant Castle Bay Shore Village of Los Prados Homeowners Association's (the "HOA") motion to dismiss. (ECF No. 15). Plaintiff Bank of New York Mellon, f/k/a the Bank of New York as Trustee for the Certificateholders of CWABS Inc., Asset-Backed Certificates, Series 2005-3 ("BNYM") filed a response (ECF No. 30), to which the HOA replied (ECF No. 33).

**I.   Facts**

This case involves a dispute over real property that was subject to a homeowners' association superpriority lien for delinquent assessment fees.

On February 24, 2005, Bobbie and Greg Heebner (the "borrowers") obtained a loan in the amount of $147,920.00 to purchase the subject property located at 4913 Ocean Shores Way, Las Vegas, Nevada (the "property"). (ECF No. 1). The loan was secured by a deed of trust recorded on March 4, 2005. (ECF No. 1). The deed of trust was assigned to BNYM. (ECF No. 1).

On February 20, 2013, defendant Nevada Association Services, Inc. ("NAS"), acting on behalf of defendant Castle Bay Shore Village of Los Prados homeowners' association (the "HOA"), recorded a notice of delinquent assessment lien, stating an amount due of $1,324.02.

**James C. Mahan**
**U.S. District Judge**

(ECF No. 1).  On April 16, 2013, NAS recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $2,279.68.  (ECF No. 1).

On August 19, 2013, NAS recorded a notice of trustee's sale, stating an amount due of $3,225.44 and scheduling the foreclosure sale for September 13, 2013.  (ECF No. 1).  On September 13, 2013, defendant Nevada New Builds, LLC ("NNB") purchased the property for $8,000.00 at the foreclosure sale.  A trustee's deed upon sale in favor of NNB was recorded on September 16, 2013.  (ECF No. 1).

In the instant complaint, BNYM alleges four claims of relief: (1) quiet title/declaratory judgment against all defendants; (2) breach of NRS 116.1113 against NAS and the HOA; (3) wrongful foreclosure against NAS and the HOA; and (4) injunctive relief against NNB.  (ECF No. 1).

In the instant motion, the HOA moves to dismiss arguing that the borrowers are necessary parties and that BNYM failed to exhaust its administrative remedies under NRS 38.310.  (ECF No. 15).  The court will address each in turn.

**II.   Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

**James C. Mahan**
**U.S. District Judge**

- 2 -

*Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### A. Necessary Parties

The HOA argues that the borrowers are necessary parties and BNYM failed to join the borrowers.  (ECF No. 15 at 7).  The HOA claims that the borrowers should be joined as plaintiffs because BNYM seeks to restore its and the borrowers' interest in the property.  (ECF No. 15 at 8).  The HOA thus concludes that joining the borrowers will divest this court of subject matter jurisdiction because the borrowers are citizens of Nevada.  (ECF No. 15 at 8).

In response, BNYM argues that the court can adjudicate its claims and accord complete relief in the borrowers' absence because the validity of the foreclosure sale rests on the HOA's actions, not the borrowers.  (ECF No. 30 at 5).  BNYM thus maintains that the borrowers are not necessary parties under Rule 19.  (ECF No. 30 at 5).

James C. Mahan
U.S. District Judge

- 3 -

Under Federal Rule of Civil Procedure 19(a), a party must be joined as a "required" party in two circumstances: (1) when "the court cannot accord complete relief among existing parties" in that party's absence, or (2) when the absent party "claims an interest relating to the subject of the action" and resolving the action in the person's absence may, as a practical matter, "impair or impede the person's ability to protect the interest," or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

Here, the borrowers are the trustors on the original deed of trust. If the court were to set aside the foreclosure sale, title would revert back to the borrowers and they would be subject to the liens of the HOA and BNYM, which could lead to the borrowers incurring further liabilities. However, even if the court were to set aside the foreclosure sale, the borrowers could intervene as of right under Rule 24, which they have not done so, and Rule 19 does not compel joinder of the borrowers. *See U.S. Bank, Nat'l Ass'n v. lCountryside Homeowners Ass'n*, No. 215CV01463RCJGWF, 2015 WL 6962859, at *2–*3 (D. Nev. Nov. 9, 2015).

On the other hand, if the court were to instead declare that the foreclosure did not extinguish the deed of trust, the borrowers' interest would not be affected. *See id*.

Based on the foregoing, the court finds that the borrowers are not necessary parties under Rule 19 because the court can accord complete relief between the existing parties without the borrowers' presence. Accordingly, the HOA's motion to dismiss will be denied as it relates to this issue.

**B. Mediation under NRS 38.310**

In its motion, the HOA argues that the complaint must be dismissed for BNYM's failure to comply with NRS 38.310 by failing to first submit its claims to mediation before the Real Estate Division of the Nevada Department of Business and Industry ("NRED"). (ECF No. 15 at 9). Section 38.310 provides in relevant part:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1). Subsection (2) continues by stating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." Nev. Rev. Stat. § 38.310(2).

BNYM argues that NRS 38.310 cannot affect the court's subject matter jurisdiction. (ECF No. 30 at 5). This argument fails because NRS 38.310 is an exhaustion statute that creates prerequisites for filing certain state-law claims, not a jurisdictional statute. *See, e.g.*, *Carrington Mortg. Servs., LLC, v. Absolute Bus. Sols., LLC*, No. 2:15–cv–01862–JAD–PAL, 2016 WL 1465339, at *3 (D. Nev. Apr. 14, 2016).

Next, BNYM argues that it submitted a demand for mediation to NRED on October 29, 2015, but NRED failed to schedule a mediation in the time period required under NRS 38.330(1). (ECF No. 1 at 3). BNYM thus maintains that NRS 38.330 is inapplicable because it exhausted its administrative remedies. (ECF No. 30 at 6).

Subsection (1) of NRS 38.330 states that "[u]nless otherwise provided by an agreement of the parties, mediation must be completed within 60 days after the filing of the written claim." Nev. Rev. Stat. § 38.330(1). While NRS 38.330(1) explains the procedure for mediation, NRS 38.310 is clear in providing that no civil action may be commenced "unless the action has been submitted to mediation." Specifically, subsection (1) goes on to state in relevant part:

> If the parties participate in mediation and an agreement is not obtained, any party may commence a civil action in the proper court concerning the claim that was submitted to mediation. **Any complaint filed in such an action must contain a sworn statement indicating that the issues addressed in the complaint have been mediated** pursuant to the provisions of NRS 38.300 to 38.360, inclusive, but an agreement was not obtained.

Nev. Rev. Stat. § 38.330(1) (emphasis added).

Here, while BNYM has requested mediation, the action has apparently not been submitted to mediation. In particular, BNYM has failed to provide a sworn statement indicating that the issues addressed in the complaint have been mediated, but no agreement was obtained as required by the statute. Therefore, BNYM has not exhausted its administrative remedies.

### 1. *Quiet Title/Declaratory Relief*

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of

James C. Mahan
U.S. District Judge

- 5 -

determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

A claim to quiet title is exempt from NRS 38.310 because "it requires the court to determine who holds superior title to a land parcel." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). In *McKnight Family, L.L.P.*, the Nevada Supreme Court reversed the lower court's dismissal of plaintiff's quiet title and other claims because the parties had not participated in alternative dispute resolution before the plaintiff filed suit. *Id.* at 557. The court held that, while the other claims for relief were properly dismissed, the quiet title claim was not a civil action as defined in NRS 38.300(3), and was therefore exempt from the requirements of NRS 38.310. *Id.* at 559.

The same reasoning applies to declaratory relief claims in which a lender seeks to determine the validity of a foreclosure sale conducted by a homeowner association. *See, e.g.*, *U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (finding that a lender's claim seeking both quiet title and declaratory relief was exempt from the mediation requirement of NRS 38.310).

Here, BNYM seeks both quiet title and declaratory relief regarding its rights to the property. Accordingly, this claim is exempt from the mediation requirement of NRS 38.310, and the HOA's motion to dismiss will be denied as it relates to this issue.

### 2. Bad Faith & Wrongful Foreclosure

BNYM alleges that the HOA and NAS breached their duty of good faith by failing to comply with their obligations under the CC&Rs. (ECF No. 1 at 10–11). BNYM further alleges that the foreclosure conducted by the HOA and A&K was wrongful. (ECF No. 1 at 11–12).

James C. Mahan
U.S. District Judge

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P.*, 310 P.3d at 559 (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12–CV–1367–JCM–PAL; 2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d at 559. "This type of interpretation falls under NRS 38.310." *Id.* Additionally, NRS 38.310 applies to laws "contain[ing] conditions and restrictions applicable to residential property." *Id.* at 558.

Consequently, BNYM must first submit these claims to mediation before proceeding with a civil action. *See e.g.*, *U.S. Bank, N.A. v. Woodchase Condo. Homeowners Ass'n*, No. 215CV01153APGGWF, 2016 WL 1734085, at *2 (D. Nev. May 2, 2016); *Saticoy Bay, LLC Series 1702 Empire Mine v. Fed. Nat'l Mortgage Ass'n*, No. 214-cv-01975-KJD-NJK, 2015 WL 5709484, at *4 (D. Nev. Sept. 29, 2015). Therefore, BNYM's claims for breach of good faith and wrongful foreclosure will be dismissed without prejudice.

**IV.  Conclusion**

Based on the foregoing, the HOA's motion to dismiss is granted in part and denied in part. Specifically, BNYM's claims for breach of good faith and wrongful foreclosure are dismissed without prejudice for failure to comply with the mediation requirement set forth in NRS 38.310.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Castle Bay Shore Village of Los Prados Homeowners Association's motion to dismiss (ECF No. 15) be, and the same hereby is, GRANTED IN PART and DENIED IN PART consistent with the foregoing.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 7 -

1    IT IS FURTHER ORDERED that the parties' stipulation (ECF No. 13) be, and the same
2 hereby is, DENIED as moot.
3    DATED October 6, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**